NATHAN DAVIS, PLAINTIFF, v. WILLIAM THOMPSON, DEFENDANT.

Decided October 14, 1946.

For the plaintiff, *Samuel M. Cole.*

For the defendant, *Turp & Coates.*

EASTWOOD, S. C. C.  This is an application by the defendant to determine the legality of an order of a Supreme Court Commissioner holding the defendant to bail.  Defendant makes said application under the authority of *R. S.* 2:27–77; *N. J. S. A.* 2:27–77, which provides as follows:

"Any justice of the supreme court or judge of the court out of which a *capias ad respondendum* shall issue may, on application and notice to plaintiff, determine the legality of an order to hold to bail and discharge a defendant illegally arrested in a civil action, whether or not bail has been given."

I am of the opinion that the statute quoted does not vest a Circuit Court Judge, sitting as a Supreme Court Commissioner, with any authority to exercise the powers conferred thereby.  Such a view is expressed by Supreme Court Justice Perskie in the case of *Jordan* v. *Hoffman et al.,* 126 *N. J. L.* 100; 18 *Atl. Rep.* (*2d*) (at *p.* 609).  In the case cited, the court held:

"We know of no statute law, nor of any rule of court, nor of any other authority which authorizes a Circuit Court

Judge, sitting as a Supreme Court Commissioner, to exercise the powers conferred by *R. S.* 2:27–77 and 2:27–78; *N. J. S. A.* 2:27–77 and 2:27–78, in a cause pending in this court."

The application of the defendant is denied and the defendant will be allowed twenty days' time within which to file his answer to the complaint.

An appropriate order may be submitted to the court.